UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

CLAUDIA MIYARES GARCIA,

    Plaintiff,

v.

DARBY DAY, INC., a foreign
profit corporation and
MARTHA PEREZ, individually,

    Defendants.
_____/

## DEFENDANTS DARBY DAY, INC. AND MARTHA PEREZ'S NOTICE OF REMOVAL

Defendants, Darby Day, Inc. ("DDI") and Martha Perez ("Perez") (collectively, "Defendants"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, and remove to this Court the civil action styled *Claudia Miyares Garcia v. Darby Day, Inc., a foreign profit corporation and Martha Perez, individually*, which was originally filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, under Case No. 2019-019513-CA-01 (the "State Action"). As set forth below, Defendants have complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. As grounds for removal, Defendants state:

### BACKGROUND

1.    On or about June 28, 2019, Plaintiff Claudia Miyares Garcia ("Garcia") filed her Complaint in the State Action. Garcia asserts claims against Defendant DDI for: (1) Retaliation Under Fla. Stat. § 440.205 Violation; and (2) Wage & Hour Federal Statutory Violation; and

additionally, asserts one claim for Wage & Hour Federal Statutory Violation against Defendant Perez.

2. Defendant DDI was served with a copy of the Summons and Complaint on September 25, 2019. Defendant Perez was served by substitute service on Perez's son, Abraham Munoz, on October 29, 2019.

3. Removal is timely under the provisions of 28 U.S.C. § 1446(b) since less than thirty (30) days have passed since Plaintiff served the later-served Defendant, Perez.

## BASIS OF FEDERAL COURT JURISDICTION

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1331, which confers "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. With exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Fed. R. Civ. P. § 1367; *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-66 (1997) (federal question jurisdiction of one claim is all that is needed to support removal of state law claims that "form the same case or controversy").

6. Plaintiff alleges both that she failed to be compensated properly for overtime hours worked and that she suffered a work-related injury and suffered retaliatory actions for seeking worker's compensation, both of which allegedly stem from her employment with a non-party through DDI. These claims are from the same case or controversy regarding her employment.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

7. Defendants have timely filed this Notice of Removal within thirty (30) days after the service of the Summons and Complaint on Perez.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants are attached as **Composite Exhibit "A."**

8. Removal to the Southern District of Florida is proper because this District includes Miami-Dade County, Florida, where the State Action is pending.  *See* 28 U.S.C. § 1446(a) ("[D]efendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . ."; 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

9. Defendant DDI consents to the removal of this action, as required by 28 U.S.C. § 1446(b)(2)(C) ("[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal"), which consent is evidenced by the Consent of Defendant Darby Day, Inc. to Notice of Removal, attached as **Exhibit "B."**  *See Bailey v. Janssen Pharmaceutica, Inc.* 536 F.3d 1202 (11th Cir. 2008) ("[e]arlier-served defendants may choose to join in a later-served defendant's motion or not, thereby preserving the rule that a notice of removal must have the unanimous consent of the defendants").

10. Written notice of the filing of this Notice of Removal to federal court is being provided to Plaintiff Garcia, as required by 28 U.S.C. § 1446(d).  A copy of the Notice of Filing

Notice of Removal will be filed contemporaneously with the Miami-Dade County Clerk of Court in the State Action pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal, without exhibits, is attached as **Exhibit "C."**

11. Defendants deny the allegations contained in Garcia's Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions or obligations that may exist in its favor in either state or federal court.  In making the allegations in this Notice of Removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, that Garcia has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  Defendants also expressly reserve their right to seek a transfer of venue to the appropriate United States District Court.

12. WHEREFORE, Defendants Darby Day, Inc. and Martha Perez, hereby provide notice of removal of this action to this Court, subject to all defenses it may assert, and respectfully request that this Court accept jurisdiction of this action and place it on the Court's docket, and grant such other and further relief as this Court deems just and proper.

Dated: November 26, 2019

    Respectfully submitted,

    **ATHERTON GALARDI MULLEN**
    **& REEDER PA**
    224 Datura Street, Suite 815
    West Palm Beach, Florida 33401
    Telephone: (561) 293-2530
    Facsimile: (561) 293-2593

    By: _/s/ Scott Atherton_
    SCOTT W. ATHERTON
    Florida Bar No. 0749591
    E-mail:  scott@athertonlg.com
    E-mail:  e-service@athertonlg.com
    E-mail:  tracey@athertonlg.com
    MIA A. WILLIAMS

        Florida Bar No. 1010648
        E-mail: mia@athertonlg.com
        E-mail: e-service@athertonlg.com

*Attorneys for Defendants Darby Day, Inc. and Martha Perez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

        By: */s/ Scott W. Atherton*
        SCOTT W. ATHERTON
        Florida Bar No. 0749591