**COMPOSITE**

# EXHIBIT A

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Claudia M Garcia</u>
 Plaintiff
          vs.
<u>Capital Corporate Services, Inc., Martha Perez</u>
Defendant

---

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**CLAUDIA MIYARES GARCIA**

       **Plaintiff,**

v.                                 **CASE No.:** _____

**DARBY DAY, INC.**
**a Foreign Profit Corporation**
**and MARTHA PEREZ, *individually***

       **Defendants.**
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CLAUDIA MIYARES GARCIA, by and through his undersigned counsel and hereby files his Complaint against the Defendant, DARBY DAY, INC. and alleges:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Section 440.205 of the Florida Statutes for wrongful, retaliatory discharge of an employee and the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wage and/or overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

3. The Plaintiff, CLAUDIA MIYARES GARCIA (hereinafter "PLAINTIFF") is a resident of Miami-Dade County, Florida and is otherwise sui juris.

4. The Defendant, DARBY DAY, INC. (hereinafter the "DEFENDANT"), at all times material hereto, carried on a business venture in Miami-Dade County Florida, and was engaged in substantial activity within this state and Miami Dade County.

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

6. All conditions precedent to bringing this action have occurred, been performed or been excused.

7. The PLAINTIFF has retained the undersigned counsel in order that her rights and interests may be protected.   The PLAINTIFF has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO "FLSA" COUNTS

8. Plaintiff was employed by Defendant from on or about November 15, 2018 to on or about January 11, 2019 as a Production Worker.

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. During the time period November 15, 2018 to on or about January 11, 2019 Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week.

2

11. During the relevant time period Plaintiff performed thirty (30) hours of overtime each week for which Defendants failed to pay Plaintiff at one and a half times Plaintiff's regular rate of pay.

12. During the relevant time period, Plaintiff was paid approximately nine ($9.00) for hours work weekly.

13. At all times material hereto Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

14. Defendants failed to pay Plaintiff for hours above forty (40).

## FACTUAL ALLEGATIONS COMMON TO "440.205" COUNT

15. On or about January 7, 2019, the Plaintiff suffered a work-related injury where Plaintiff suffered a rash on her legs due to dust falling from an herb Plaintiff was cutting on the job.

16. The above-alleged injury required medical treatment.

17. After the work-related accident as described above, the Plaintiff reported her rash to the Defendant through Manager, Jose (LNU), and requested two days off.

18. Further, Plaintiff was terminated on or about January 9, 2019, in retaliation of her work related rash/injury and request of worker's compensation.

19. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
*Retaliation Under F.S. § 440.205 Violation against*
*DARBY DAY, INC.*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 and 15-19 of this complaint as if set out in full herein.

21. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

22. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

23. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

24. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

25. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE,** the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

4

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *DARBY DAY, INC.*

26. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

28. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

30. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

34. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

35. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

6

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *MARTHA PEREZ*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

39. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7

40. At the times mentioned, Defendant MARTHA PEREZ had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of her employment (hire/fire), scheduled hours and/or rate of pay.

41. Defendant MARTHA PEREZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

42. Defendant MARTHA PEREZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

43. Defendant MARTHA PEREZ willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MARTHA PEREZ:

A. Adjudge and decree that Defendant MARTHA PEREZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant MARTHA PEREZ is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

8

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G.  Grant Plaintiff a Trial by Jury, where applicable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____6 - 28 - 19_____

Respectfully submitted,

_____

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the
Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☒   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (     )**
   (Specify)

   <u>2</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and
that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>        FL Bar No.: <u>165580</u>
      Attorney or party                                                            (Bar number, if attorney)

<u>Jason S Remer 06/28/2019</u>
      (Type or print name)                                                         Date



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| MARTHA PEREZ<br>DARBY DAY INC<br>2125 S GREAT SOUTHWEST PKWY #101<br>GRAND PRAIRIE TEXAS 75051 | **Date Processed:** | 09/25/2019 |
|---|---|---|
| | **Completed By:** | TAYLOR SEAY |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 467169199623 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received**<br>09/25/2019 11:00 AM in FLORIDA | **Transmittal #**<br>FL-174713 | **Delivered to Agent by**<br>PROCESS SERVER |
|---|---|---|
| **With Regard to Client**<br>DARBY DAY, INC. | | |
| **Title of Case or Action**<br>CLAUDIA MIYARES GARCIA VS. DARBY DAY, INC. ET AL | | |
| **Case Number**<br>2019-019513-CA-01 | **Type of Document Served**<br>CITATION/SUMMONS | |
| **Court Name**<br>11TH JUDICIAL CIRCUIT COURT, MIAMI-DADE COUNTY, FL | | |
| **Note** | | |

1-174713H

Filing # 91923888 E-Filed 07/01/2019 12:43:05 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA MIYARES GARCIA

    Plaintiff,

v.                                                    CASE No.: 2019- 019513-CA-01

DARBY DAY, INC.
a Foreign Profit Corporation
and MARTHA PEREZ, *individually*

    Defendants.
_____/

CK237
SEP 25 2019
10:55a

## SUMMONS IN A CIVIL CASE

TO: DARBY DAY, INC. through its Registered Agent:

    CAPITOL CORPORATE SERVICES, INC.
    515 E PARK AVE 2ND FLOOR
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

                  7/3/2019

CLERK                                             DATE

(BY) DEPUTY CLERK

10

IN THE CIRCUIT COURT OF THE
11th. JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**CLAUDIA MIYARES GARCIA**

      **Plaintiff,**

v.                  CASE No.: 2019-019513-CA-01

**DARBY DAY, INC.**
**a Foreign Profit Corporation**
**and MARTHA PEREZ,** *individually*

      **Defendants.**
_____/

## COMPLAINT

      COMES NOW, the Plaintiff, CLAUDIA MIYARES GARCIA, by and through his undersigned counsel and hereby files his Complaint against the Defendant, DARBY DAY, INC. and alleges:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Section 440.205 of the Florida Statutes for wrongful, retaliatory discharge of an employee and the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wage and/or overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

3. The Plaintiff, CLAUDIA MIYARES GARCIA (hereinafter "PLAINTIFF") is a resident of Miami-Dade County, Florida and is otherwise sui juris.

4. The Defendant, DARBY DAY, INC. (hereinafter the "DEFENDANT"), at all times material hereto, carried on a business venture in Miami-Dade County Florida, and was engaged in substantial activity within this state and Miami Dade County.

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

6. All conditions precedent to bringing this action have occurred, been performed or been excused.

7. The PLAINTIFF has retained the undersigned counsel in order that her rights and interests may be protected.   The PLAINTIFF has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO "FLSA" COUNTS

8. Plaintiff was employed by Defendant from on or about November 15, 2018 to on or about January 11, 2019 as a Production Worker.

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. During the time period November 15, 2018 to on or about January 11, 2019 Defendants failed to compensate Plaintiff at the required minimum wage and/or overtime rate of one and a half times Plaintiff's regular rate for all hours worked in excess of forty (40) within a single work week.

11. During the relevant time period Plaintiff performed thirty (30) hours of overtime each week for which Defendants failed to pay Plaintiff at one and a half times Plaintiff's regular rate of pay.

12. During the relevant time period, Plaintiff was paid approximately nine ($9.00) for hours work weekly.

13. At all times material hereto Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

14. Defendants failed to pay Plaintiff for hours above forty (40).

## FACTUAL ALLEGATIONS COMMON TO "440.205" COUNT

15. On or about January 7, 2019, the Plaintiff suffered a work-related injury where Plaintiff suffered a rash on her legs due to dust falling from an herb Plaintiff was cutting on the job.

16. The above-alleged injury required medical treatment.

17. After the work-related accident as described above, the Plaintiff reported her rash to the Defendant through Manager, Jose (LNU), and requested two days off.

18. Further, Plaintiff was terminated on or about January 9, 2019, in retaliation of her work related rash/injury and request of worker's compensation.

19. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

3

## COUNT I
### *Retaliation Under F.S. § 440.205 Violation against*
### *DARBY DAY, INC.*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 and 15-19 of this complaint as if set out in full herein.

21. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

22. The motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

23. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

24. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

25. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE,** the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

4

## COUNT II
### *Wage & Hour Federal Statutory Violation Against*
### *DARBY DAY, INC.*

26. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

27. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

28. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

30. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

31. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

32. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

33. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

34. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

35. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

36. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### MARTHA PEREZ

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

39. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7

40. At the times mentioned, Defendant MARTHA PEREZ had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of her employment (hire/fire), scheduled hours and/or rate of pay.

41. Defendant MARTHA PEREZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

42. Defendant MARTHA PEREZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

43. Defendant MARTHA PEREZ willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MARTHA PEREZ:

A. Adjudge and decree that Defendant MARTHA PEREZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Adjudge and decree that Defendant MARTHA PEREZ is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

8

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G.  Grant Plaintiff a Trial by Jury, where applicable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   6-28-19

Respectfully submitted,

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## RETURN OF SERVICE

| State of Florida | County of MIAMI-DADE | Circuit Court |
|---|---|---|

Case Number: 2019-019513-CA-01

Plaintiff:
**CLAUDIA MIYARES GARCIA**

vs.

Defendant:
**DARBY DAY, INC. A FOREIGN PROFIT CORPORATION AND MARTHA PEREZ, INDIVIDUALLY**

For:
JASON REMER
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by PRESTIGE PROCESS on the 24th day of September, 2019 at 2:20 pm to be served on **DARBY DAY, INC. THROUGH ITS REGISTERED AGENT: CAPITOL CORPORATE SERVICES, INC., 515 E PARK AVE 2ND FLOOR, TALLAHASSEE, FL 32301.**

I, Christopher Kady, do hereby affirm that on the **25th day of September, 2019 at 10:55 am, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS IN A CIVIL CASE and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **TAYLOR CEAY** as **CUSTOMER SERVICE REPRESENTATIVE** authorized to accept service, of the within named corporation, at the address of: **515 E. PARK AVE., 2ND FLOOR, TALLAHASSEE, FL 32301** on behalf of **DARBY DAY, INC. THROUGH ITS REGISTERED AGENT: CAPITOL CORPORATE SERVICES, INC.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 26, Sex: F, Race/Skin Color: WHITE, Height: 5'7", Weight: 125, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                          "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

Christopher Kady
Process Server 237

PRESTIGE PROCESS
14311 BISCAYNE BLVD
SUITE 613634
MIAMI, FL 33181
(786) 916-2424

Our Job Serial Number: PPJ-2019004060

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8 On

Filing # 91923888 E-Filed 07/01/2019 12:43:05 PM

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA MIYARES GARCIA

    Plaintiff,

v.                          CASE No.: 2019-019513-CA-01

DARBY DAY, INC.
a Foreign Profit Corporation
and MARTHA PEREZ, *individually*

    Defendants.
_____/

CX237
SEP 25 2019
10:55 Am

## SUMMONS IN A CIVIL CASE

TO: **DARBY DAY, INC. through its Registered Agent:**

        CAPITOL CORPORATE SERVICES, INC.
        515 E PARK AVE 2ᴺᴰ FLOOR
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts             7/3/2019

CLERK                     DATE

(BY) DEPUTY CLERK

10

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**CLAUDIA MIYARES GARCIA**

      Plaintiff,

v.                                                                              CASE No.: *2019 - 019513-CA-01*

**DARBY DAY, INC.**
**a Foreign Profit Corporation**
**and MARTHA PEREZ,** *individually*

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO: MARTHA PEREZ:**

MARTHA PEREZ
2125 S GREAT SOUTHWEST PARKWAY
GRAND PRARIE, TX 75051

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

7/3/2019

_____                DATE
CLERK

_____
(BY) DEPUTY CLERK

11

## AFFIDAVIT OF SERVICE

State of Florida                    **County of MIAMI-DADE**                    **Circuit Court**

Case Number: 2019-019513-CA-01

Plaintiff:
**CLAUDIA MIYARES GARCIA**
vs.
Defendant:
**DARBY DAY, INC. A FOREIGN PROFIT CORPORATION AND MARTHA PEREZ,
INDIVIDUALLY**

|||||||||||||||||||||||||||||||
PPJ2019004062

For: JASON REMER
    Remer & Georges-Pierre, Pllc.

Received by Prestige Process on the 24th day of September, 2019 at 12:43 pm to be served on **MARTHA PEREZ, 2125 S
GREAT SOUTHWEST PARKWAY, GRAND PRARIE, TX 75051**. I, _Marcus Diaz_ , being duly sworn,
depose and say that on the _29_ day of _October_, 20_19_ at _7:23_ _m_., executed service by delivering a true copy
of the **SUMMONS IN A CIVIL CASE and COMPLAINT** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

(X) SUBSTITUTE SERVICE: By serving _Abraham Munoz_ as
   _Martha Perez Son_ .

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the
property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No   If yes, what branch? _____

Marital Status:( ) Married or ( ) Single   Name of Spouse _____

COMMENTS: _Service completed at 1926 Briarwood Dr._
_Grand Praire, TX 75050_

Age _40_ Sex (M) F   Race _Latin_   Height _5'11_   Weight _230_   Hair _BlK_   Glasses (Y) N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this
service was made.

_Marcus Diaz_

Subscribed and Sworn to before me on the _31st_ day
of _October 2019_ by the affiant who is
personally known to me.

_Christina Gonzalez_
NOTARY PUBLIC

PROCESS SERVER # _13928_  Expires 3/31/20
Appointed in accordance with State Statutes

**Prestige Process**
**P.O Box 613634**
**Miami, FL 33261**
**(305) 490-4346**

Our Job Serial Number: 2019004062

CHRISTINA GONZALEZ
My Notary ID # 10079773
Expires March 3, 2023

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CLAUDIA MIYARES GARCIA

    Plaintiff,

v.

CASE No.: 2019 - 019513-CA - 01

DARBY DAY, INC.
a Foreign Profit Corporation
and MARTHA PEREZ, *individually*

    Defendants.

_____/

SUMMONS IN A CIVIL CASE

TO: MARTHA PEREZ:

MARTHA PEREZ
2125 S GREAT SOUTHWEST PARKWAY
GRAND PRARIE, TX 75051

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

_____
                     7/3/2019
                     DATE

CLERK
_____
(BY) DEPUTY CLERK

11

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CLAUDIA MIYARES GARCIA,           CASE NO.: 2019-019513-CA-01

        Plaintiff,

v.

DARBY DAY, INC., a foreign
Profit corporation and
MARTHA PEREZ, individually,

        Defendants.

_____/

### NOTICE OF APPEARANCE & DESIGNATION OF
### PRIMARY AND SECONDARY E-MAIL ADDRESSES

     PLEASE TAKE NOTICE that the undersigned counsel, SCOTT W. ATHERTON and

MIA A. WILLIAMS of Atherton Galardi Mullen & Reeder PA hereby enters their appearance on

behalf of Defendants, DARBY DAY, INC. and MARTHA PEREZ, in the above listed matter and

requests that all future orders, process, papers, pleadings, correspondence, and other documents

filed or served in this matter be served on them at the Primary and Secondary e-mail addresses

listed below.

DATED: November 6, 2019      Respectfully submitted,

                                   **ATHERTON GALARDI MULLEN**
                                   **& REEDER PA**
                                   224 Datura Street, Suite 815
                                   West Palm Beach, Florida 33401
                                   Telephone: (561) 293-2530
                                   Facsimile: (561) 293-2593
                                   By: **_/s/ Scott Atherton_**
                                   SCOTT W. ATHERTON
                                   Florida Bar No. 0749591
                                   Primary E-mail:  scott@athertonlg.com
                                   Secondary E-mail:  e-service@athertonlg.com
                                   Secondary E-mail: tracey@athertonlg.com

MIA A. WILLIAMS
Florida Bar No. 1010648
Primary E-mail: mia@athertonlg.com
Secondary E-mail: e-service@athertonlg.com

*Attorneys for Defendants Darby Day, Inc. and*
*Martha Perez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2019 a true and correct copy of the foregoing

was filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to

all counsel of record on the below Service List.

By: */s/ Scott Atherton*
SCOTT W. ATHERTON
Florida Bar No. 0749591

## SERVICE LIST

James S. Remer, Esq.
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Primary Email: jremer@rgpattorneys.com

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CLAUDIA MIYARES GARCIA,                    CASE NO.: 2019-019513-CA-01

      Plaintiff,

v.

DARBY DAY, INC., a foreign
Profit corporation and
MARTHA PEREZ, individually,

      Defendants.

_____/

## DEFENDANTS' MOTION FOR EXTENSION
## OF TIME TO RESPOND TO COMPLAINT

Defendants Darby Day, Inc. ("Darby") and Martha Perez ("Perez") (collectively "Defendants") respectfully request a twenty (20) day extension of time to respond to Plaintiffs' Complaint in this case. As grounds, Defendants state as follows:

1.     The Complaint in this matter was filed on July 1, 2019.

2.     Good cause exists for the requested extension of time as undersigned counsel is currently in the process of being obtained. Counsel for Defendants needs the additional time to obtain documents, perform investigations into this matter, and prepare an adequate response to Plaintiffs' Complaint.

3.     This is Defendants first request for an extension of time. This Motion is being made in good faith and not for dilatory purposes. No party will be prejudiced by the granting of the requested extension of time.

WHEREFORE, Defendants Darby Day, Inc. and Martha Perez respectfully request a twenty (20) day extension of time, up to and including November 26, 2019, to respond to the Complaint in this matter.

Respectfully submitted,

**ATHERTON GALARDI MULLEN**
**& REEDER PA**
224 Datura Street, Suite 815
West Palm Beach, Florida 33401
Telephone: (561) 293-2530
Facsimile: (561) 293-2593
By: */s/ Scott Atherton*
SCOTT W. ATHERTON
Florida Bar No. 0749591
Primary E-mail:  scott@athertonlg.com
Secondary E-mail:  e-service@athertonlg.com
Secondary E-mail: tracey@athertonlg.com
MIA A. WILLIAMS
Florida Bar No. 1010648
Primary E-mail: mia@athertonlg.com
Secondary E-mail: e-service@athertonlg.com

*Attorneys for Defendants Darby Day, Inc. and*
*Martha Perez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2019 a true and correct copy of the foregoing was filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all counsel of record on the below Service List.

By: */s/ Scott Atherton*
SCOTT W. ATHERTON
Florida Bar No. 0749591

## SERVICE LIST

James S. Remer, Esq.
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Primary Email: jremer@rgpattorneys.com

3